IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WILLIAM JULIUS GREEN, | * | |
| Plaintiff, | * | CASE NO. 4:06-CV-12 |
| | | Motion To Amend/§ 2255 |
| VS. | * | |
| UNITED STATES OF AMERICA, | * | CASE NO. 4: 96-CR-28 (JRE) |
| Defendant | * | |

REPORT AND RECOMMENDATION

Petitioner, William Julius Green, was indicted in this court on January 26, 1996 for the offenses of Possession With Intent To Distribute Cocaine Base in violation of 21 U.S.C. § 841 (a)(1) and Carrying Firearms during A Drug Trafficking Offense in violation of 18 U.S.C. § 924 (c)(1). He entered into a Plea Agreement with the Government on September 3, 1996 [R-33] and pled guilty to the charges in open court on the same date. [R-34] Judgment was entered on January 14, 1997, on Petitioner's sentence to 120 months on Count I and a consecutive 60 months on Count II for a total sentence of 180 months imprisonment. [R-37] Petitioner filed no appeal of his convictions and sentence. Thus the judgment of conviction in his case became final on January 24, 1997 when his appeal time expired.[1] On June 21, 2000, Petitioner filed a § 2255 Motion to Vacate, Set Aside, or Correct his Sentence, Case No. 4:00-CV-92, wherein he asserted a claim of ineffective

---

[1] *Adkins v. United States,* 204 F.3d 1086, 1089 (When no direct appeal is made, the judgment of conviction becomes final once "the opportunity for direct appeal of the judgment is exhausted.").

assistance of counsel. After an evidentiary hearing, a Report and Recommendation [R-47] was entered on January 29, 2001, recommending denial of Petitioner's § 2255 Motion To Vacate, Set Aside, or Correct his Sentence as time-barred. On March 12, 2001, the District Judge entered a final order denying Petitioner Green's § 2255 Motion. [R-49]. Petitioner Green moved unsuccessively for reconsideration and appealed the district court's decision. On January 2, 2003, the Eleventh Circuit Court of Appeals affirmed the decision of the district court denying Petitioner's § 2255 Motion as time-barred. [R-64]. At some time thereafter, Petitioner Green made application to the Eleventh Circuit Court of Appeals for authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a second or successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, which was denied by the Court of Appeals by Decision rendered on November 19, 2004. [R-66].

Petitioner Green has now filed under his signature date of January 13, 2006,[2] a Motion [R-67], wherein he first asks at page 1, that this court to "allow the following Memorandum of Law and Issues of Authorities pursuant to *Apprendi, Jones, Booker,* supra, presented in support of the writ of habeas corpus motion 'relating back' to case numbers) 4:96-CR-28; 4:00-CV-92-HL; and 5:05-CV-484-OC-10GRT pursuant to Fed. R. Civ. Proc. 15(c) and 28 U.S.C. § 2255 (6)(3). On page 5 of his Memorandum, Petitioner Green adds, "This court should also grant the motion to amend because Movant has up to one year from

---

[2] In *Washington v. United States,* 243 F.3d 1299, 1300, (11th Cir. 2001), the court held: "A prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing. *See Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999). Absent evidence to the contrary in the form of prison logs or other records, we will assume that [the prisoner's] motion was delivered to prison authorities the day he signed it."

the decision in *Booker,* or until January 12, 2006 to file a claim based on that decision pursuant to 28 U.S.C. § 2255 (6)(3). *See Dodd v. United States,* No.04-5286 (June 20, 2005). Therefore, the Movant is preserving his right to file."

Petitioner Green is attempting to revive his first § 2255 Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, Case No. 4:00-CV-92, which was decided adversely to him by both the district court and the Eleventh Circuit Court of Appeals which noted in that "Green's initial § 2255 Motion was dismissed as time-barred" in its Order denying his application for certificate to file a second or successive § 2255 motion . [R-66]. Petitioner's motion that the district court allow his present assertions to "relate back" to his finalized § 2255 motion in Case No. 4:00-CV-92, is more that the law allows this court to do. Pursuant to Fed.R.Civ.P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). *See Davenport v. United States,* 217 F.3d 1341, 1344 (11th Cir. 2000). In a § 2255 motion, "the untimely claim must have more in common with ***the timely filed claim*** than the mere fact that they arose out of the same trial and sentencing proceedings." *Id.* "Instead ... the untimely claim must have arisen from the 'same set of facts' as the untimely filed claim, not from separate conduct or a separate occurrence in "both time and type." *Id.* (emphasis added). Petitioner Green's present Motion has no timely filed claim to relate back to. *See Dean v. United States,* 278 F.3d 1218, 1223 (11th Cir. 2002) (There is no claim in the original petition to which this amended

3

claim could relate back. The amended claim is time-barred). Moreover, the Eleventh Circuit Court of Appeals has ruled most recently in *Burns v. United States,* 152 Fed. Appx. 887, 890 2005WL2656095 (11th Cir. 2005), that:

> [W]e conclude that it is unnecessary to determine whether or not [defendant's] claims relate back to his original § 2255 motion because the district court, while it did not address the issue, lacked jurisdiction over [his] claims. . . . [Defendant's] original motion . . . was denied by the district court, and subsequently denied by this Court, rendering his case closed and not properly subject to amendment. . . . Moreover, because [defendant] previously had filed a § 2255, and seeks in his amended claims the same relief he sought in his original motion, his claims are nothing more than a successive § 2255 motion for which he was required to obtain this Court's leave to file pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255 ¶ 8.

The Eleventh Circuit Court of Appeals has already once denied Green's application for certificate to file a second or successive § 2255 motion by it Order of November 19, 2004 [R-66], finding that:

> To the extent that Green relies upon a new rule of constitutional law, a petitioner seeking leave to file a successive § 2255 motion must establish that the U.S. Supreme Court has actually held that the new rule upon which he relies is retroactively applicable to cases on collateral review. *Tyler v. Cain,* 533 U.S. 656, 661-66, 121 S.Ct. 2478, 2481-84 (2001).

For a new rule of constitutional law to be retroactively applicable to cases on collateral review for the purposes of authorizing a second or successive § 2255 motion, the U.S. Supreme Court itself must make the rule retroactive. 28 U.S.C. § 2255 ¶ 8(2); See *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004). "The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate

Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

Additionally, neither *Apprendi,* or *Booker,* have been made retroactively applicable to cases on collateral review by the Supreme Court to satisfy the requirements of § 2255, ¶ 8(2) as to second or successive motions. In *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held that *Booker* is not to be retroactively applied to cases on collateral review, stating:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite.

Finally, Petitioner Green's contention that this court should allow his amended claims under § 2255 ¶ 6(3) pursuant to *Dodd v. United States,* — U.S. —, 125 S.Ct. 2478, at 2482 (2005), is misplaced in view of the second or successive nature of his proposed "amendments. The *Dodd* Court observed:

> We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive § 2255 motions to obtain relief. The limitation period in ¶ 6(3) applies

5

> to "all motions" under § 2255, initial motions as well as second or successive ones. Section 2255, ¶ 8(2), narrowly restricts an applicant's ability to file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255, ¶ 8(2). . . . Thus, because of the interplay between ¶ ¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constutional law will be barred except in the rare case in which *this Court* announces a new rule of constitutional law and makes it retroactive within one year. (emphasis added).
>
> Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted. . . . It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶ ¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second and successive motions.

*Id.,* at 2482, 2483.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion be DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 24th day of January 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE